## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINGTING LIU,

            Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

            Defendants.

Case No. 2:26-cv-1472

## COMPLAINT

Plaintiff, Tingting Liu ("Plaintiff" or "Liu"), by and through her undersigned counsel, complains of the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A attached hereto (collectively, "Defendants"), which at least use the online marketplace storefronts and seller accounts identified on Schedule A (the "Seller Storefronts" or "Seller Aliases"), and alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff Tingting Liu is an individual residing in the People's Republic of China who owns the design patent asserted in this action, which is issued by the United States Patent and Trademark Office. Plaintiff sells products embodying her patented design to consumers in the United States through the Amazon.com platform.

2.      Plaintiff's design patent protects the innovative ornamental design of a guitar pick holder and is issued by the United States Patent and Trademark Office under patent number

1

D1,053,938 S (the "'938 Patent" or the "Patented Design"), with an issue date of December 10, 2024.

3. The ornamental design claimed in the '938 Patent is depicted in the representative views below. The complete '938 Patent, including all figures, is attached as **Exhibit 1**:



FIG.1
*FIG. 1 — Perspective*

FIG.2
*FIG. 2 — Front*

FIG.5
*FIG. 5 — Right Side*

FIG.6
*FIG. 6 — Top*

4. After the '938 Patent issued, Plaintiff discovered that the Defendants were manufacturing, importing, offering for sale, and selling guitar pick holders that embody the Patented Design (the "Infringing Products"), despite having no license or authorization to use the Patented Design.

5. On information and belief, Defendants' infringing activities of offering for sale, marketing, and selling the Infringing Products embodying the Patented Design arise from the same transaction, occurrence, or series of transactions or occurrences. The Infringing Products and their corresponding listings share similar characteristics suggestive of common ownership, control, or a common scheme.

6. Plaintiff files this action to combat online infringers who trade upon Plaintiff's patented design by selling and/or offering for sale unauthorized, unlicensed, and infringing products embodying Plaintiff's federally issued design patent. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement and therefore seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for its sustained injury.

7. Plaintiff therefore brings this action for federal patent infringement pursuant to 35 U.S.C. § 271 et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

*Personal Jurisdiction*

9. This Court has personal jurisdiction over each Defendant because, upon information and belief, each Defendant directly targets consumers in the United States, including in the Commonwealth of Pennsylvania and in this Judicial District, through one or more fully interactive, commercial Seller Storefronts on the Amazon.com e-commerce platform (www.amazon.com) by (a) advertising and offering to sell, (b) selling, and (c) shipping the Infringing Products into Pennsylvania and this District. Pennsylvania's long-arm statute authorizes the exercise of personal jurisdiction over a person who transacts any business in the Commonwealth—including the doing of a single act for the purpose of realizing pecuniary benefit—or who causes harm or tortious injury by an act or omission in or outside the Commonwealth. 42 Pa. Cons. Stat. § 5322(a).

10. Plaintiff's investigator purchased Infringing Products from the Seller Storefronts, each of which was shipped to and delivered at an address in this District. Courts regularly exercise personal jurisdiction over China-based online sellers that transact business through interactive marketplace storefronts. See *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (specific jurisdiction comports with due process where the defendant purposefully shipped accused products into the forum and the infringement claim arises out of those activities); *accord NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624–25 (7th Cir. 2022) (single sale of an accused product through an interactive online marketplace storefront, delivered into the forum, established purposeful availment).

11. Alternatively, this Court has personal jurisdiction over each Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law, each Defendant is a foreign entity or individual not subject to jurisdiction in any single state's

courts of general jurisdiction, and the exercise of jurisdiction is consistent with the United States Constitution and laws.

*Venue*

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Each Defendant is, upon information and belief, an alien not resident in the United States and therefore may be sued in any judicial district under 28 U.S.C. § 1391(c)(3); the patent venue statute does not restrict venue as to foreign defendants. See *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Venue is further proper because a substantial part of the events giving rise to Plaintiff's claims—including Defendants' offers to sell and sales of the Infringing Products into this District—occurred in this District.

## THE PARTIES

*Plaintiff Tingting Liu*

13.     Plaintiff Tingting Liu is an individual residing in Zhangzhou, Fujian Province, People's Republic of China. Plaintiff is the author of the design claimed in the '938 Patent and the sole owner of all right, title, and interest in and to the '938 Patent, including the right to sue and to recover for past and present infringement.

14.     Among the exclusive rights granted to Plaintiff under the Patent Act are the exclusive rights to manufacture, import, offer for sale, and sell articles embodying the Patented Design. Plaintiff sells genuine products embodying the Patented Design to United States consumers through the Amazon.com e-commerce platform.

*The Defendants*

15.     Defendants are the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A, each of which operates

one or more Seller Storefronts on the Amazon.com e-commerce platform through which it conducts business with consumers in the United States, including in this Judicial District.

16.     Upon information and belief, Defendants are an interrelated group of infringers who operate the Seller Storefronts to offer for sale and sell the Infringing Products embodying the Patented Design. The Seller Storefronts share unique identifiers and common design elements, including similar listing content, images, and pricing, and the omission of accurate contact information.

17.     Upon information and belief, Defendants reside in or are located in the People's Republic of China or other foreign jurisdictions. Defendants conceal their true identities and the full scope of their operations by, among other things, using fictitious storefront names, registering accounts with incomplete or false information, and operating multiple storefronts to evade enforcement. Plaintiff will amend this Complaint to identify Defendants by their true names upon learning the same through expedited discovery.

*Defendants' Unlawful Conduct*

18.     Long after the '938 Patent issued, and without Plaintiff's authorization, Defendants have manufactured, imported, advertised, offered for sale, and sold the Infringing Products through the Seller Storefronts identified on Schedule A. The Infringing Products are guitar pick holders that embody a design substantially the same as the design claimed in the '938 Patent.

19.     A representative side-by-side comparison of the design claimed in the '938 Patent and Defendants' Infringing Products is attached as **Exhibit 2** (Claim Chart). As shown therein, in the eye of an ordinary observer familiar with the prior art and giving such attention as a

purchaser usually gives, the overall appearance of each Infringing Product is substantially the same as the patented design.

20.    Plaintiff's investigator accessed each of the Seller Storefronts, purchased one or more Infringing Products, and had them shipped to and delivered at an address in this District. True and correct copies of the storefront and listing captures are attached as **Exhibit 3**, and true and correct copies of the order confirmation and delivery records are attached as **Exhibit 4.** Each Infringing Product as received is depicted alongside the patented design in the Claim Chart (Exhibit 2).

21.    Upon information and belief, Defendants' infringement is knowing, deliberate, and willful. Defendants advertise and sell the Infringing Products in direct competition with products embodying Plaintiff's patented design, at substantially lower prices, causing price erosion, diversion of sales, and loss of goodwill and market share.

22.    Upon information and belief, Defendants hold and transfer the proceeds of their infringing sales through financial accounts associated with their Amazon.com Seller Storefronts and third-party payment processors, and Defendants are likely to move, conceal, or repatriate those funds beyond the jurisdiction of this Court if given notice of this action before relief is granted.

## JOINDER OF DEFENDANTS

23.    Joinder of Defendants in a single action is proper under Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299. The claims against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences—namely, the manufacture, importation, offering for sale, and sale, through online marketplace storefronts, of the same or

materially identical Infringing Products that embody the ornamental design claimed in the '938 Patent.

24.     Upon information and belief, Defendants operate under multiple fictitious storefront aliases created from common registration templates, offer the same or materially identical Infringing Products sourced from a common manufacturer, employ similar listing content and pricing, coordinate through online forums directed at e-commerce sellers facing intellectual-property enforcement, and routinely move the proceeds of their infringing sales to offshore accounts to evade judgment—facts strongly suggesting common ownership, control, or concerted action.

25.     Upon information and belief, the Seller Storefronts are operated by, or are otherwise interrelated with, common persons or entities. When Plaintiff's investigator purchased the Infringing Products from all five Seller Storefronts in a single order, they were fulfilled and delivered in only three packages, even though they were offered through five separate storefronts. The Infringing Products offered under the POSSHE Direct and ColorTown storefronts are materially identical and were received in identical retail packaging. These facts are consistent with common ownership, control, or fulfillment.

26.     Common questions of law and fact exist as to all Defendants, including, without limitation, the validity and enforceability of the '938 Patent and whether the Infringing Products embody a design substantially the same as the design claimed in the '938 Patent. Proceeding against Defendants in a single action will avoid the risk of inconsistent adjudications and promote judicial economy.

27.     Plaintiff has filed, as Schedule A, the list of the Seller Storefronts and corresponding online marketplace accounts that are known at this time. Discovery will likely

reveal further evidence regarding the true identities and interrelationships of Defendants and their respective roles in the infringing conduct alleged herein.

## COUNT I

### INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,053,938

### (35 U.S.C. §§ 271, 289)

28.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

29.    Without authority or license, Defendants have infringed and continue to infringe the '938 Patent in violation of 35 U.S.C. § 271 by making, using, offering to sell, and selling within the United States, and/or importing into the United States, the Infringing Products, which embody the design claimed in the '938 Patent.

30.    Infringement is established under the ordinary-observer test. An ordinary observer, familiar with the prior art and giving such attention as a purchaser usually gives, would find the overall appearance of each Infringing Product substantially the same as the design claimed in the '938 Patent, such that the resemblance would deceive such an observer, inducing the purchase of one supposing it to be the other. See *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 678 (Fed. Cir. 2008) (en banc).

31.    Defendants' infringement has been and continues to be knowing, deliberate, and willful, rendering this an exceptional case under 35 U.S.C. § 285.

32.    As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover Defendants' total profits under 35 U.S.C. § 289, or, in the alternative, damages adequate to compensate for the

infringement but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with the equitable remedy of an accounting of Defendants' profits.

33.    Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff immediate and irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and award the following relief:

1)    That Defendants be adjudged to have infringed the '938 Patent under 35 U.S.C. § 271;

2)    That Defendants, their officers, agents, servants, employees, and all persons acting in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from making, using, importing, offering to sell, or selling the Infringing Products or any product embodying the design claimed in the '938 Patent;

3)    That, upon Plaintiff's request, all third parties with actual notice of the order— including, without limitation, Amazon.com, online marketplace platforms, search engines, third-party payment processors, and financial institutions—shall:

a.    disable and cease providing services for the Seller Storefronts and any listings through which Defendants offer or sell the Infringing Products;

b.    locate, restrain, and hold the funds in Defendants' seller and payment accounts in an amount sufficient to satisfy an award of Defendants' total profits and/or damages, so as to preserve Plaintiff's right to an equitable accounting under 35 U.S.C. § 289; and

c. take all steps necessary to prevent links to the Seller Storefronts from displaying in search results;

4) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of their infringement, pursuant to 35 U.S.C. § 289;

5) That, in the alternative, Plaintiff be awarded damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. § 284, and that such damages be trebled for willful infringement;

6) That the Court find this an exceptional case and award Plaintiff her reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

7) That Plaintiff be awarded her costs of suit, together with pre-judgment and post-judgment interest;

8) That the Court authorize service of process by electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3) and grant expedited discovery; and

9) That the Court grant such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Jia Song*
Jia Song, Esq. , Proposed Pro Hac Vice Counsel
Mao Peng, Esq. , Proposed Pro Hac Vice Counsel
Summit Law PLLC
418 Broadway # 8384
Albany, NY 12207
(917) 293-9201

11

Jia.song@summitlaw.net
Mao.peng@summitlaw.net

*Counsel for Plaintiff Tingting Liu*

## SCHEDULE "A"
### Defendants and Seller Storefronts

[Schedule "A" identifying the Defendants is filed under seal as a separate document pursuant to Plaintiff's Motion to File Under Seal. This entire Complaint and its accompanying schedules and exhibits are filed under seal pursuant to that Motion.]