IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIU TINGTING, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 2:26-cv-01472-MRH |
| SCHEDULE A DEFENDANTS | § | |
| *Defendants*. | § | |

**ONMIWOD US' UNOPPOSED MOTION FOR PERMISSIVE INTERVENTION**

Pursuant to Fed. R. Civ. P. 24(b) and this Court's Order (Dkt. No. 23), Dongguan Hongli Electronics Technology Co. Ltd. aka Onmiwod US ("Onmiwod US"), hereby moves unopposed to intervene in this matter to vacate the Order sealing the filings in this case (Dkt. No. 12), so that it may determine if it is a named defendant in the sealed Schedule A or not.

## I.        Introduction

The unopposed motion to intervene should be granted pursuant to the principles set out in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-80 (3d Cir. 1994). Onmiwod US is as Amazon storefront selling various guitar accessories. Although having not yet been given any formal notice of these proceedings, Onmiwod US has reason to believe that it is a named defendant in the sealed Schedule A. Out of an abundance of caution to protect its continual right to sell in view of the pending TRO motion, Onmiwod US makes its appearance first as a non-party to determine if in fact Onmiwod US is a named defendant in the sealed record. Moreover, counsel for Plaintiff Liu Tingting has stated that Plaintiff does not oppose this motion to intervene.

## II.        Legal Standard

Fed. R. Civ. P. 24(b) provides in part that upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to

intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

### III.    Onmiwod US Has Sufficient Standing to Intervene

As a preliminary concern, Onmiwod US has standing to intervene in this action to vacate the sealed filings under the right of access doctrine. The Third Circuit has routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders, such as the Order sealing the filings (Dkt. No. 12), in an effort to obtain access to information or judicial proceedings. *Pansy*, 23 F.3d 777 (collecting cases). More specifically, the threatened injury in fact alleged by Onmiwod US is the potential delisting of its products from Amazon as a result of the pending TRO motion. Ultimately, Onmiwod US has met the standing requirements in this case by showing that the Order sealing the filings interferes with their attempt to obtain access to the sealed Schedule A under the right of access doctrine.

### IV.    Permissive Intervention is Proper

The Third Circuit has found that the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action. *Pansy*, 23 F.3d 778 (collecting cases). Such is the case here as Onmiwod US seeks permissive intervention first as a non-party to challenge the cited Order sealing the filings in this action. The court in *Pansy* further concluded that there is no reason to require that the intervenor's claim involve the same legal theory that was raised in the main action when a party seeks to intervene only for the purpose of modifying a protective order. *Id*. At this stage, such is the case here by virtue of the fact that Onmiwod US challenges the validity of the Order entered in the main action, thereby meeting the requirement of Fed. R. Civ. P. 24(b)(2) that its claim must have "a question of law or fact in common" with the

- 3 -

main action. There are no further issues as to untimeliness here as this case is still in the pre-answer pleading stage.

## V.     Conclusion

The unopposed motion to intervene should be granted pursuant to the principles set out in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-80 (3d Cir. 1994) and Fed. R. Civ. P. 24(b). Onmiwod US has made a sufficient showing to intervene as a third party to challenge the Order sealing the filings in this case by demonstrating standing under the right of access doctrine. Permissive intervention is the proper procedural vehicle to accomplish this and there is no issue as to untimeliness. Therefore, the unopposed motion to intervene should be granted.

Dated: July 29, 2026

Respectfully submitted,

*/s/ Nicholas Najera*
Nicholas Najera (*pro hac vice*)
Texas Bar ID No. 24127049
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane
Suite 615
Dallas, Texas 75231
972-325-2220
nnajera@nilawfirm.com

Counsel for Onmiwod US

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on 7/29/2026 with a copy of this document via the Court's CM/ECF system.

*/Nicholas Najera/*

Nicholas Najera

## CERTIFICATE OF CONFERENCE

I certify that, on July 28, 2026, counsel for Plaintiff stated that Plaintiff does not oppose this motion for permissive intervention for the limited purpose of litigating the sealing issue

*/Nicholas Najera/*

Nicholas Najera